CORPUS CHRISTI ST. & INTERURBAN RY. CO. v. KJELLBERG. (No. 5650.)

(Court of Civil Appeals of Texas. San Antonio. April 5, 1916.)

1. TRIAL ☞253(9)— INSTRUCTIONS — INDEFINITENESS.

In an action for damages where the petition, embracing about ten pages of typewritten matter, charged that plaintiff was injured when defendant's street car ran into his wagon on which he was riding, that the car was operated in a negligent manner, that the bell was not rung or the gong sounded, that it was run at a high rate of speed, that there was no headlight, though it was about dark, that no lookout was kept, that the plaintiff's peril was discovered in time to have prevented injury by proper care, that the car was not equipped with proper appliances for quick stopping, and that the motorman was incompetent, a charge that if the defendant was guilty of either or all of the acts of negligence charged in the petition, which resulted in plaintiff's injury, they should find a verdict for plaintiff, without informing the jury as to what negligent acts were alleged and as to which there was testimony, in view of a request to present the concrete case, was reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 620; Dec. Dig. ☞253(9).]

2. TRIAL ☞250 — INJURY ON TRACK—INSTRUCTIONS—ISSUES.

In an action for personal injuries alleging that plaintiff's wagon had been struck by defendant's street car and overturned, and plaintiff injured thereby, which had been denied by

---

the defendant, a requested charge that unless the jury find that the car struck plaintiff's wagon, or if it found that defendant's car did not cause the overturning of the load or the wagon, and that but for such overturning plaintiff would not have been injured, to find for defendant, sustained by evidence introduced by defendant should have been given; and other requested charges, each of which correctly presented the same defense, should have also been given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–587; Dec. Dig. ⚖=250.]

**3. PLEADING ⚖=382(1) — GENERAL DENIAL — SCOPE.**

A general denial puts the plaintiff upon proof of every material allegation in his petition, and the defendant can show any matter tending to disprove the case alleged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1280–1291, 1293; Dec. Dig. ⚖= 382(1).]

**4. TRIAL ⚖=312(3)—FURTHER INSTRUCTIONS—STATUTE.**

Under Rev. St. 1911, art. 1962, providing that if the jury after retiring desire further instructions, they shall appear in open court and through their foreman state to the court either the particular question of law upon which they desire further instruction, and that the court shall give such instruction in writing, the court's action on receiving a communication from the jury through the officer in charge inquiring as to the meaning of a word used in the charge in replying in writing giving the meaning of the word, all in the absence and without knowledge of defendant's attorneys, was reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 745; Dec. Dig. ⚖=312(3).]

**5. TRIAL ⚖=307(1)—PROVINCE OF COURT—INSTRUCTIONS—JURY'S USE OF DICTIONARY.**

The trial court's order on the jury's request through an officer in charge, that a dictionary be furnished the jury which was used in the jury room, was erroneous, as the trial judge is the only one authorized by law to give definitions and explanations to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 732, 733; Dec. Dig. ⚖=307(1).]

Appeal from District Court, Nueces County; Jas. A. Graham, Special Judge.

Action by J. E. Kjellberg against the Corpus Christi Street & Interurban Railway Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

D. McNeill Turner and Kleberg & Stayton, all of Corpus Christi, for appellant. Suttle & Todd and T. O. Woldert, all of Corpus Christi, for appellee.

FLY, C. J. Appellee sued appellant to recover damages alleged to have accrued by reason of injuries inflicted on his person through the negligence of appellant. The cause was tried by jury, resulting in a verdict and judgment for appellee in the sum of $6,000.

[1] The petition charged that appellee's injuries resulted from a car belonging to appellant running "upon, into, and against" the wagon of appellee, which was loaded with hay and upon which he was riding. It was alleged that the car was operated in a reckless, careless, and negligent manner;

that the bell was not rung, nor gong sounded; that the car was being run at a high rate of speed; that there was no headlight on the front of the car, although it was about dark; that no lookout was kept; that the peril of appellee was discovered and his injury could have been averted by proper care; that the car was not equipped with approved appliances for the speedy stoppage thereof; and that the motorman was young and incompetent, and a novice in the operation of street cars.

The court in the charge to the jury instructed a verdict for appellee if the jury found that appellant was "guilty of either or all of the acts of negligence charged in plaintiff's petition, and that such act or acts of negligence, if any, resulted in any one or all of the injuries and damages alleged by plaintiff in his petition." In no part of the charge was the jury informed as to what negligent acts were alleged and about which there was testimony, but they were relegated to a perusal and investigation of a petition embracing about ten pages of typewritten matter, as shown by the record herein, to discover the negligence alleged. The court should have informed the jury as to what the grounds of negligence were as alleged in the petition and supported by evidence, and the jury should not have been left to investigate the pleadings to ascertain what the grounds of negligence might be. If no special charge had been requested which drew the attention of the jury to the allegations as to how the accident occurred, it is only possible that no error would be shown that would form the basis for a reversal; but in this case appellant endeavored by special charges to have the concrete case alleged presented to the jury, together with the defense presented to it by its evidence.

[2, 3] The following special charge was requested by appellant:

"The jury are further instructed as a part of the law in this case that unless they find from a preponderance of the evidence that the street car came in contact with plaintiff's wagon loaded with hay, or if you find that a car of the defendant did not cause the overthrowing of said load of hay or said wagon, or of said hay frame, and that but for the said overturning plaintiff would not have been injured, you will find for defendant."

That charge should have been given. It presented a defense which was sustained by evidence introduced by appellant. It was an application to the facts of the trite maxim that "the allegata and probata must correspond." Appellee had alleged that his wagon had been struck by a street car and overturned and he injured thereby, and this had been denied by appellant; and if the evidence or any part of it tended to show that the wagon had not been struck and overturned by the car, but the horses had run away and turned the wagon over, that phase of the case should have gone to the jury, al-

though appellant had only pleaded a general denial. It was incumbent on appellee to prove his case, and if the evidence tended to show that the horses, and not the car, had overturned the wagon, appellant had the right, under its general denial, to have that issue presented to the jury. It is the well-settled rule in Texas that a general denial puts the plaintiff upon proof of every material allegation in his petition, and the defendant can show any matter tending to disprove the case alleged. Tisdale v. Mitchell, 12 Tex. 68; Herndon v. Ennis, 18 Tex. 411; Altgelt v. Emilienburg, 64 Tex. 150; Railway v. Washington, 94 Tex. 510, 63 S. W. 534. In the last case cited the plaintiff had charged that the injuries had been inflicted in a certain way, and the defendant pleaded only a general denial, and the Supreme Court held that the defendant could show that the accident did not occur as alleged, that being a substantial defense under the general issues. That case is also authority for the proposition that a special charge presenting the defense should have been given. There were several special charges requested by appellant presenting the same defense, as shown in the charge copied herein, either of which correctly presented the defense. Railway v. Johnson, 100 Tex. 237, 97 S. W. 1039.

[4] The second assignment of error complains of the action of the court in receiving and holding communication with the jury in regard to the meaning of the word "produced," as used in the fifth paragraph of the charge. The bill of exceptions shows that after the jury had retired from the courtroom to the jury room a communication was brought to the judge by the officer who had them in charge, inquiring as to whether the word "produced" meant "directly or indirectly," as used in the charge. The court replied in writing that "the word 'produced' used in article or paragraph 5 of the court's charge means the proximate cause of." At the time this occurrence took place appellant's attorneys were not present, and the same was done without their knowledge or consent. The statute is positive that if a jury desire further instruction after retiring, "they shall appear before the judge in open court in a body and, through their foreman, state to the court, either verbally or in writing, the particular question of law upon which they desire further instruction, and the court shall give such instruction in writing. * * *" Rev. Stats. art. 1962. Discussing the cited statute the Supreme Court held:

"It is thus seen that the statutes very carefully provide the manner in which the court shall confer with the jury and that he shall give no instructions or confer with them in any manner except in open court. The obvious purpose of this is that counsel may be present and see that the conference is proper, and, if not, may take a bill of exception to the action of the court. It seems to us, therefore, that it is error for the judge to confer with the jury in any other manner than that prescribed by law, and that if he does his judgment on that account ought to be reversed." Railway v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137.

Appellee cites, as authority for his contention that it was not error for the court to communicate with the jury as was done, a decision of this court in a case in which the jury room opened into the courtroom and the jury could be seen by the court. However, a writ of error was granted in that case, the ground being the communication of the court with the jury. Compress Co. v. Moody, 154 S. W. 1032. The facts of that case are quite different from the present one, and if communications between the trial judge and jury without having the latter actually in open court could ever be justified, the facts of that case furnished the occasion. We adopt the following language of the Byrd Case as applicable to the judge who tried this case:

"It is but just to the learned judge before whom the case was tried to say, that his conduct in the matter involved no moral delinquency on his part."

[5] After the definition of the word "produced" had been given as "the proximate cause of," it seems that the jury knew no more what "proximate" meant than what "produced" meant, so the officer in charge was sent to the court to obtain a Webster's Dictionary, and the court ordered the dictionary to be furnished the jury, and it was furnished, and they used it in the privacy of the jury rom. What the jury obtained from that stupendous work, filled with inconceivable words and maxims and aphorisms, no one knows. No book should be consulted by a jury in arriving at a verdict, and especially one that defines and treats on everything expressed by the English language. No maker of dictionaries should ever be allowed to define legal terms to a jury, unless such definitions go through the medium of the trial judge, the only one authorized by law to give definitions and explanations to a jury.

We have considered every point of any importance presented by the brief, and need not consider remaining assignments of error.

For the reasons herein given, the judgment is reversed, and the cause remanded.