GULF, TEXAS & WESTERN RAILWAY COMPANY V. MARYLAND DICKEY.

No. 2864. Decided June 7, 1916.

**1.—Objections to Charge—Bill of Exceptions.**

Where appellant's objections to the general charge of the court were presented in writing before it was read to the jury and an order entered of record showing that fact and that the objections were overruled, errors in the charge so presented may be ground for reversal though no bill of exceptions to the charge was reserved by appellant. Act of March 29, 1913 (Laws, 33d Leg., ch. 59, p. 113), construed, and rulings in Gulf, T. & W. Ry. Co. v. Dickey, ante p. 126, followed. (P. 139.)

**2.—Negligence—Minor—Dangerous Place.**

Where a child of eight years was permitted to go upon a locomotive engine by defendant's hostler in charge of same, and there injured by the latter's act in turning on the injector, which, being then connected with a hose pipe used in sprinkling coal threw hot water and steam on the child, a charge which made defendant liable irrespective of negligence in the act of turning on the injector —equivalent to a peremptory instruction to find for plaintiff—was erroneous unless the act of turning on the injector could be pronounced negligence in law, which, under the evidence here considered, was not the case. (Pp. 139, 140.)

Error to the Court of Civil Appeals, Second District, in an appeal from Baylor County.

Maryland Dickey, by next friend, sued the railway company, and recovered. Defendant appealed, and on affirmance obtained writ of error.

*Ben B. Cain, Sporer & McClure,* and *J. A. Wheat,* for plaintiff in error.—The charge eliminates the doctrine of negligence and the degree of care required of this appellant both as to trespassers and licensees as well as discovered peril, all of which should have been left to the jury as questions of fact to be determined by them.   G., H. & S. A. Ry. Co. v. Davidson, 61 Texas, 204.

*D. A. Holman,* for defendant in error.—The uncontroverted facts as found by the appellate court show that the hostler, Moss, did not exercise that degree of care and prudence which was due to Maryland Dickey and such negligence as warranted the verdict, judgment and affirmance by the Court of Civil Appeals.   Cook v. Navigation Co., 76 Texas, 355; Railway Co. v. Brown, 11 Texas Civ. App., 506; Construction Co. v. Bostick, 80 S. W., 109; Construction Co. v. Bostick, 98 Texas, 239, 83 S. W., 13; Railway Co. v. Morgan, 24 Texas Civ. App., 61; Railway Co. v. Leslie, 57 Texas, 87.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.
This is a companion case to the Gulf, Texas & Western Railway Company v. William Dickey, this day decided, and is the action by Maryland Dickey against the railway company for injuries sustained by him under the circumstances stated in the opinion filed in the other case,— that being the action brought by his father, the issues in the case being substantially identical with those in the other suit.

In submitting the case for the plaintiff the trial court instructed the jury as follows:

"If you believe from the evidence that Maryland Dickey went into the defendant's engine with the knowledge and by permission of defendant's employees in charge of said engine, and if said employees knew the tender age of Maryland Dickey and the dangers to which he was exposed in going on said engine, and failed to warn him of such dangers and knowingly permitted him to go upon said engine, or if you believe from the evidence that defendant's employee in charge of said engine saw Maryland Dickey in the cab of said engine, in connection with his tender age, and failed to put him out or guard him against danger, and after such discovery defendant's employee in charge of said engine turned the injector and caused the steam and hot water to pass from said engine and burn and scald said Maryland Dickey, then the defendant would be liable in damages for his injury, if any."

In affirming the judgment in the plaintiff's favor as rendered by the trial court, the honorable Court of Civil Appeals in its opinion recognized this to be virtually a peremptory instruction that the defendant was liable, but declined to consider the defendant's assignment of error

attacking the charge because, as stated in the opinion, a proper bill of exception was not taken to it. The charge was objected to by the defendant through its attorneys before read to the jury; the objection was considered by the court and overruled, all as appears in the record from the defendant's written filed objections to the charge, and the order or judgment of the court taken from the minutes, distinctly reciting the fact that the objection was made before the charge was read to the jury' and was overruled by the court. We held this same procedure to be a substantial compliance with the Act of the Thirty-third Legislature, chapter 59, page 113, in the other case, in relation to the general charge of the court, and are, therefore, of opinion that the defendant's assignment of error, embodying the same objection presented at the trial, was entitled to be considered.

This instruction authorizes a verdict for the plaintiff, wholly without regard to whether Moss' turning on the injector while Maryland Dickey was in the cab of the engine constituted a negligent act. It can not be sustained unless, as a matter of law, Moss' act constituted negligence. As is stated in the opinion in the other case, Moss turned on the injector for the purpose of refilling the engine boiler with water,—the purpose, according to his testimony, for which the injector was used, and in doing this it was that the hot water or steam escaped from the squirt hose and injured young Dickey. This is a portion of Moss' testimony:

"The water that scalded Maryland Dickey came from the squirt hose. I caused the water to come through the hose by putting on the injector. Previous to the time I turned the injector I had been coaling. I put on the injector to refill the boiler with water; that is the purpose for which the injector was used. When I sprinkled the coal I cut off the valve leading to the squirt hose, that is, the valve down in front of the boiler. Then I cut off the injector, and left the hose in the gangway; the gangway is the passage between the tender and the fire door, just on a level. I got in and out of the engine through the openings on the side; the gangway is the flooring that leads to the boiler, where the cab comes back on the side; that valve extends out something like 24 inches from the bottom of the floor. When I discontinued sprinkling, the first thing I did was to turn off that valve to the squirt hose; then up and turned off the injector; and after that I went into my coal car to finish coaling. When I came in there and turned on the injector it was to blow out the boiler or mud valve. In blowing out you use both. You use the injector on while you are blowing, and that pumps water into the boiler. When I came into the cab and turned on the injector Floyd Bradley and Maryland Dickey were sitting on the seat box. If the valve to the squirt hose had been closed there would have been no danger of the accident that occurred. I did not know or have any suspicion that the valve was not closed when I turned on the injector. When the hot water came out and scalded Maryland Dickey I was in the gangway directly in front of the boiler. The water come out almost in a second's time after turning on the injector. I had

stepped down from the deck, possibly a little higher than this platform to the floor. When the hot water came I grabbed this boy and threw him out. I made an effort to cut the squire hose off, first. I could not find it. Then I grabbed this boy, the smaller boy, that is, Maryland Dickey. I did not see the other boy; he got out of the way, and Maryland Dickey climbed down out of the engine himself; after I pulled him out of the gangway, he climbed down and went home. I picked Maryland Dickey up off the floor in front of the seat box. I got some of the hot water in my gloves and in my shoes, but my clothing must have been too thick, I guess. I had on a suit of clothes under my overalls. I got it in my shoes and in the gauntlet of my glove."

Moss, according to his testimony, did not make an examination of the valve before he turned on the injector, but he stated that this was not customary. At another place in his testimony he reiterated the statement that if the valve was closed, the boys in the engine cab were in no apparent danger, and that when he turned on the injector he knew they were not in danger. Under his testimony, that before he turned on the injector, that is, after discontinuing his sprinkling of the coal, he turned off the valve to the squirt hose, and that when he turned on the injector,—which act it was that caused the steam or hot water to come through the hose, "he did not know or have any suspicion that the valve was not closed," it in our opinion was clearly a question of fact as to whether his act was a negligent one; and the issue of negligence ought, therefore, to have been submitted to the jury. Since the charge of the court assumed the issue, and in effect instructed the verdict for the plaintiff, the judgment must be reversed. The judgments of both courts are, therefore, reversed and the cause remanded to the District Court for further trial.

*Reversed and remanded.*