CORPUS CHRISTI STREET & INTER-
URBAN RY. CO. v. KJELLBERG.

(No. 5936.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 20, 1918. Rehearing Denied March 20, 1918.)

1. STREET RAILROADS ⚖⟶114(9) — COLLISION WITH STREET CAR—EVIDENCE.

In action for personal injuries, evidence *held* sufficient to sustain a finding that a street car actually struck a wagon loaded with hay and caused it to turn over, and that the wagon was not overturned by a mere frightening of the horses.

2. TRIAL ⚖⟶260(1)—REPETITION IN INSTRUCTIONS.

Where the court gave a requested instruction, it was not error to refuse another instruction whose substance was the same.

3. APPEAL AND ERROR ⚖⟶215(1) — MATTERS REVIEWABLE—SAVING OBJECTIONS.

Complaint cannot be made for the first time on appeal that a charge was inconsistent, conflicting, contradictory, confusing, and misleading.

4. APPEAL AND ERROR ⚖⟶233(1)—BILLS OF EXCEPTIONS — OBJECTIONS TO GENERAL CHARGE.

While a formal bill of exceptions is not necessary, it is essential to show that objections to the general charge were made in writing, presented to opposing counsel and the court, before submission of the charge to the jury, and that the court did actually overrule them.

5. LIMITATION OF ACTIONS ⚖⟶182(4)—PLEADING ⚖⟶252(2)—AMENDMENT OF PETITION—DIFFERENT CAUSE OF ACTION.

A first amended abandoned petition is no part of a second amended petition, and that the second alleges a different cause of action from the first can be raised only by plea and proof, on the question of limitations.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by J. E. Kjellberg against the Corpus Christi Street & Interurban Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

D. McNeill Turner, Pope & Sutherland, and W. E. Pope, all of Corpus Christi,. for appellant. T. O. Woldert and Suttle & Todd, all of Corpus Christi, for appellee.

SWEARINGEN, J. This is a suit for personal injuries by appellee, Kjellberg, against appellant, Corpus Christi Street & Interurban Railway Company. The cause was submitted to a jury upon a general charge. Judgment was rendered in favor of appellee for the sum of $5,000. Upon motion of appellee all the bills of exceptions offered by appellant were stricken out by this court June 30, 1917.

The cause of action was that alleged in appellee's second amended petition, and was, as stated by Chief Justice Fly in the former appeal (185 S. W. 430):

"The petition charged that appellee's injuries resulted from a car belonging to appellant running 'upon, into, and against' the wagon of appellee, which was loaded with hay and upon which he was riding. It was alleged that the car was operated in a reckless, careless, and negligent manner; that the bell was not rung nor gong sounded; that the car was being run at a high rate of speed; that there was no headlight on the front of the car, although it was about dark; that no lookout was kept; that the peril of appellee was discovered and his injury could have been averted by proper care; that the car was not equipped with approved appliances for the speedy stoppage thereof; and that the motorman was young and incompetent, and a novice in the operation of street cars." To which the following allegations were added: "Violently ran said wagon, and against the side thereof, and against the end thereof, and against the hay thereon; that

---

the servants of appellant thereby caused the said car to strike, and scrape along the side of said wagon and said hay thereon, with force and unnecessary violence and noise; and because of each and all of said acts aforesaid (as alleged in first amended original petition), all of which and each of which are charged to have been negligent on the part of said defendant's said servants, plaintiff's (appellee's) said team was thereby negligently and carelessly frightened, and negligently and carelessly caused to be frightened thereby, and by said servants as aforesaid, and caused to run away with said wagon and hay, with plaintiff seated thereon, and run into or violently strike said wagon against said post aforesaid."

The first, second, third, fourth, and seventh assignments contend that there was no evidence that the street car actually came in contact with either the side or the rear of the wagon, or with the rear or side of the load on the wagon, and that, therefore, appellee's material allegation had no evidence to support it. This was brought to the notice of the trial court by appellant's request for peremptory instruction, by its motion for new trial because the verdict was contrary to the evidence, and because the judgment was not supported by any evidence.

[1] There was sufficient evidence of actual contact between the wagon and the car to sustain the verdict and the judgment, as will appear from the following statement of testimony, taken from appellee's brief, all of which appears in the full and fair statement in appellant's brief:

"Witness F. Z. King testified: 'I know plaintiff; * * * saw him the day he was hurt by the street car on Staples street. * * * There was an unusual occurrence that took place. The street car on which I was a passenger ran into Mr. Kjellberg's wagon, loaded with hay, wrecking the wagon and hay. The accident happened about dark. Mr. Kjellberg was injured. * * * It happened on and near the track of the C. C. St. & Int. Ry. Co. The car on which I was a passenger and the one that struck Mr. Kjellberg's wagon and load of hay was going south on Staples street. * * * Immediately after the car ran into the wagon my wife, who is now dead, called in a loud voice to the conductor, "Stop the car; you have hurt somebody." The accident happened by the car running into Mr. Kjellberg's wagon. I moved across the car away from what sounded to me like breaking glass. The car then backed up to where the accident happened, and I got out of the car and helped Mr. Kjellberg from under the load of hay, and I wiped the blood from his face. * * * He appeared to be unconscious. * * * The first thing I heard was a crash of the car running into the wagon. * * * I know the car crashed into the wagon and load of hay. * * * It is not a fact that Kjellberg was driving along the street with the wagonload of hay, and that the noise of the hay brushing along the side of the car frightened the team and caused the team to suddenly turn aside and overturn the load of hay, and caused Kjellberg to fall. * * * I know the car crashed into the wagon and load of hay.'

"W. B. Hardeman testified by depositions taken by defendant: 'There was an accident while I was on said car at said time. The car and a wagon collided. * * * The hay came in contact with the car about where the second window of the car is located, and on the right-hand side of the car. I can't say that the car actually struck the wagon, but I know that it struck the hay on the wagon. * * * After the car came in contact with the hay it ran about a car length and stopped. * * * The car and hay came in contact about two windows back from the front of the car. * * * The hay and frame tipped over immediately upon contact. * * * The hay and car came in contact with one another. * * * It is not a fact that there was no collision between the car and the wagon or the hay.'

"Plaintiff, Kjellberg, testified: 'The first that happened, that when I was driving along I feel a concussion, and turned my head and saw the end of the wagon and the load up in the air. I saw a light, but I as I stood there was no more light. I never did have time to turn my head back before everything was gone. I don't know anything after that—after I was hit. * * * Don't know anything until twelve o'clock that night. * * * That is the first I remember, from the time I felt the concussion and saw the wagon turn up. Q. State if you know what hit you or what hit your wagon? A. A street car. * * * Q. Did you see the car? A. I saw part of the car—the top light. It was a street car. The Corpus Christi Street & Interurban Railway Company was operating that street car on Staples street at that time. * * * I turned my head and looked. I saw the light of a street car and the load came up, and it came as quick as that (indicating by slapping the hands together).'"

The first, second, third, fourth, and seventh assignments are overruled.

[2] The fifth assignment urges that the trial court erred in refusing to give the sixth special charge requested by appellant. This assignment is overruled, because the very substance of the refused special charge was contained in the special instruction No. 4 given by the trial court at the request of appellant. The issue having been given in language selected by the appellant, it was not error to refuse to present the same issue a second time, though expressed in different words.

The special instruction No. 7, requested by appellant, the refusal of which is complained of in the sixth assignment, is clearly upon the weight of the evidence, and was therefore forbidden by the statute, article 1971.

The sixth assignment is overruled.

[3] The eighth assignment contends that the charge is inconsistent, conflicting, contradictory, confusing, and misleading, etc. These objections were not made to the charge by appellant before the general charge was submitted to the jury. They were not made in writing. They were never presented to adverse counsel. They were not presented to the trial court in the motion for new trial. They were advanced for the first time in appellant's brief as fundamental error. The rules forbid us to consider the objections suggested.

[4] The ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, and sixteenth assignments each complain that the trial court overruled objections to the general charge made by appellant. There are no bills of exceptions in the record. While the order of the court overruling objections to a general charge will be considered as excepted

to without a formal bill of exceptions attesting that fact, as is clearly announced by the Supreme Court in the case of G. T. & W. Ry. v. Dickey, 187 S. W. 189, yet it is essential that the record show that the objections were made in writing and presented to opposing counsel and presented to the trial court before the general charge was submitted to the jury, and it is essential for the record to show that the court did actually overrule the objections thus and timely made. The record before us contains no evidence of any of these requirements. All of the last-mentioned assignments are overruled.

[5] The thirteenth assignment complains that the trial court erred in overruling appellant's special exception to appellee's second amended petition. The exception is that the second amended petition shows on its face that appellee's cause is barred by limitation. The argument is that the second amended petition alleges a cause of action different from that alleged in the first amended petition. It is not necessary for us to consider what that change was, even if there were a change. The first amended petition was no part of the second amended petition, but was an abandoned pleading. The exception could only be tested by what appeared upon the face of the second amended petition. The question here sought to be presented could have been raised only by a plea of limitation, supported by proof. The first amended petition could have been introduced in evidence as testimony. The thirteenth assignment complains that the exception was overruled. The assignment is overruled.

The judgment is affirmed.