ANDERSON v. WILSON. (No. 8850.)

(Court of Civil Appeals of Texas. Ft. Worth. April 27, 1918.)

1. PLEADING ⟞⟝205(2)—GENERAL DEMURRER —QUESTIONS RAISED.

A general demurrer did not raise the objection that the temporary writ of injunction expired by operation of law at the return term of the court, and that, as the suit was for injunction only, a cross-action would not lie, and without a special exception such objection was waived.

2. INJUNCTION ⟞⟝260—WRONGFUL ISSUANCE OF WRIT—RIGHT TO DAMAGES.

If a fence was defendants' property at the time plaintiff had writ of injunction issued to prevent removal thereof, defendant was entitled to file cross-action for damages for the wrong.

3. INJUNCTION ⟞⟝260—SUIT PENDING—TIME.

Where plaintiff sued to prevent defendants' interference with a fence although the writ of injunction became functus officio at the convening of the term of court at which it was returnable, and plaintiff kept the property, the suit was still pending, and a cross-action could be filed.

4. INJUNCTION ⟞⟝261 — WRONGFUL DEPRIVATION OF PROPERTY—ACTION FOR CONVERSION.

Defendant in injunction suit, wrongfully deprived of his property by the writ by a plaintiff, who claims the property as his own, may treat the suit as a conversion and sue for the value of the property.

5. TRIAL ⟞⟝351(5)—INSTRUCTIONS—DUPLICATION.

It is not error to refuse a special issue substantially covered by an issue submitted in the court's main charge.

6. APPEAL AND ERROR ⟞⟝218(2)—PRESERVATION OF EXCEPTIONS—SPECIAL ISSUES.

An assignment of error to the refusal of an issue requested will not be considered, when no objection was made in the trial court to such refusal.

Appeal from District Court, Archer County; Wm. N. Bonner, Judge.

Suit by J. L. Anderson against L. F. Wilson and another, wherein Wilson filed a cross-action. Judgment for defendants, and for Wilson in the cross-action, and plaintiff appeals. Affirmed.

Kay & Akin, of Wichita Falls, for appellant. Carrigan, Montgomery & Britain, of Wichita Falls, for appellee.

DUNKLIN, J. This suit was instituted by J. L. Anderson against L. F. Wilson and Isaac Mobley for an injunction to restrain the defendants from removing a fence inclosing a pasture which plaintiff then held under a lease from Falls county. Wilson had formerly been in possession of the same land under a similar lease, and, under a claim of ownership of the fence, was proceeding to remove it, when he was prevented from so doing by a temporary writ of injunction issued at plaintiff's instance on April 27, 1911, the date upon which the suit was instituted. The order granting the writ was made by the district judge in chambers, and by the terms of the writ defendants were restrained from tearing down or removing the fence or in any manner interfering with it "until the further order of said district court to be holden * * * on the first Monday in October, 1911, the same being the 2d day of October A. D. 1911, when and where this writ is returnable." In the petition filed by plaintiff the temporary writ was prayed for, and there was a further prayer that upon final hearing of the case on its merits the temporary writ be made perpetual.

The suit remained on the docket, untried and undisposed of, until April 2, 1913, when the defendant Wilson filed his first amended original answer, in which he urged a general denial to plaintiff's petition, and in addition to that defensive pleading he also filed a cross-action against plaintiff for damages as for a conversion of the fence; such cross-action being predicated upon a claim by Wilson of ownership and right of possession of the fence, coupled with further allegations to the effect that the act of plaintiff in depriving him of the use of it was wrongful and amounted in law to a conversion. On April 4, 1917, plaintiff filed an answer to the cross-action, consisting of a general demurrer and a general denial. On the same day that demurrer was overruled, and the cause tried on its merits, resulting in a judgment denying plaintiff a recovery against the two defendants, and in favor of Wilson on his cross-action against the plaintiff for the value of the fence. From the judgment on the cross-action, plaintiff has appealed.

Appellant insists that the temporary writ of injunction expired by operation of law at the return term of court mentioned in the writ, and that, as the suit was for injunction only, the cross-action for that reason would not lie. No special exception to the petition was filed presenting that objection; the only exception presented being a general demurrer, in which the only contention urged was that the allegations contained in the cross-plea showed no cause of action against the plaintiff.

[1-3] We are of the opinion that the general demurrer was insufficient to raise the objection now urged to the cross-action, and that in the absence of a special exception presenting the objection the same was waived.

Gibson v. Singer Sewing Machine Co., 147 S. W. 285. Furthermore, if, as found by the jury, the fence was the property of the defendant, and not of plaintiff, at the time of the issuance of the writ of injunction, defendant was, through the medium of the writ, wrongfully deprived of the right of enjoyment of it, and we perceive no valid reason why he should not be allowed to reconvene for damages for such wrong. Texas & N. O. Ry. v. White, 57 Tex. 129. Nor can it be said that the suit instituted by plaintiff was no longer pending when the plea in reconvention was filed and when the case was tried. Even though it could be said that the writ of injunction became functus officio at the convening of the term of court to which it was made returnable, still plaintiff did not deliver or offer to deliver the property to the defendant, but kept and enjoyed it, and still retained it, and denied defendant's right thereto up to and during the trial.

[4] Defendant had the right to treat such wrongful deprivation of his property as a conversion and to sue for its value. And in this connection it is to be noted further that the plea in reconvention was not upon the bond for injunction, but was against plaintiff only, for a wrongful conversion of the property through means of the injunction writ.

[5, 6] Another assignment of error is presented to the failure of the court to submit to the jury appellant's requested special issue reading: "Was the wire in question owned by L. F. Wilson, or was it owned by Falls county?" This assignment is overruled for two reasons: First, because it was substantially covered by an issue submitted in the court's main charge; and, second, no objection was made in the trial court to the refusal of the trial judge to submit the issue in the form requested. G. T. & W. Ry. v. Dickey, 108 Tex. 137, 187 S. W. 189.

All assignments of error are overruled, and the judgment is affirmed.

Affirmed.