## BELL v. FIRST NAT. BANK OF ROCK-PORT. (No. 6482.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1920. Rehearing Denied Jan. 19, 1921.)

1. Contracts ⊜335(2)—Petition held to allege performance of consideration.

In a suit on a note given in consideration of the establishment and maintenance by the payees of a permanent shipyard within the town and the construction of four wooden ocean going ships under the direction of the United States government, an allegation that the shipyard had been established and continuously maintained, and that the construction of the ocean going hulls or ships had been completed under the direction of the government, sufficiently alleges performance of the consideration.

2. Contracts ⊜198(1) — Construction of ocean going barges held performance of agreement to construct ocean going "ships."

An agreement to construct four ocean going ships under the direction of the United States government is performed by the construction of four ocean going barges, as required by the government, which were suitable for cargo carrying steamers, since the hull and spars constitute the ship.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ship.]

3. Appeal and error ⊜882(8)—Appellant cannot complain of testimony showing facts to which he testified.

Appellant cannot complain of the admission of testimony where. he testified to practically the same facts.

Appeal from Aransas County Court; F. Stevens, Judge.

Action by the First National Bank of Rockport against J. H. Bell. Judgment for plaintiff, and defendant appeals. Affirmed.

T. F. Mangum, of San Antonio, for appellant.

Gordon Gibson, of Rockport, and Beasley & Beasley, of Beeville, for appellee. .

FLY, C. J. Appellee sued appellant on a promissory note, executed by him to the order of Heldenfels Bros., in the sum of $500, which it was alleged had been transferred to appellee by the payees as collateral for a note owed by them to appellee. It is recited in the note that its consideration was the establishment and maintenance in Rockport, by the payees, of a permanent shipyard "and the construction of four wooden ocean going ships for and under the direction of the United States government." It was alleged in the petition that the shipyard had been established and continuously maintained, and "that the construction of the four wooden ocean going hulls or ships in said note mentioned has been completed at said yard for and under the direction of the United States government." The cause was submitted on special issues, and on the answers thereto judgment in favor of appellee for $571.30 was rendered.

[1, 2] The first and second assignments of error are overruled. The petition is sufficiently clear in alleging that the consideration had been performed. Appellant knew when he signed the note that the vessels were to be constructed for the federal government and under its direction. It is so stated in the note. He knew that only such vessels as the government directed could be constructed, and he knew that four such vessels were constructed. The government had them constructed and received them from the payees. Under the contract with the government they were to be cargo carrying hulls, suitable for cargo carrying steamers. The ships constructed were undoubtedly for ocean service, and the jury was justified in so finding. There was ample evidence to show that the vessels were "ocean going ships." The hull and spars constituted the ships. 24 R. C. L. pp. 522, 1024; Cope v. Vallette Dry Dock Co., 119 U. S. 625, 7 Sup. Ct. 336, 30 L. Ed. 501. Appel-

lant offered no testimony tending to show that the vessels were not for ocean use. The third assignment of error is overruled.

The ships were built for the United States Shipping Board Emergency Fleet Corporation, to supply vessels to transport freight and soldiers to Europe to prosecute the World War with Germany and Austria, which was imminent at the time. Under the act creating the Shipping Board, it was authorized to have constructed vessels for naval auxiliaries or army transports. Section 7484, Barnes' Federal Code (U. S. Comp. St. § 8146c). In section 7378 (U. S. Comp. St. § 8178) barges are recognized as seagoing vessels, and provision is made for their registry. Although the vessels built by Heldenfels Bros. may have been barges, that did not prevent them from being "ocean going ships." It is clear that the government intended them for ocean service.

Appellant was one of a number of citizens who executed notes to secure a bonus offered by the town of Rockport to obtain a shipyard at that place. The yard was established and maintained in good faith by Heldenfels Bros. and the four vessels were built by them and accepted by the government. The ships cost between $500,000 and $600,000 each, were 281 feet long, 46 feet beam and 26 feet deep, with a draft of 13 feet, 2 inches, and a capacity of 3,500 dead weight tons. No one was heard to complain of the vessels until appellant was called upon to pay his note.

[3] The sixth assignment of error is overruled.

Appellant testified to practically the same facts that Johnson was permitted to state.

There is no merit in any of the assignments, and the judgment will be affirmed.

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes