**S. LIGHTBURNE & CO. v. FIRST NAT. BANK OF ROCKPORT (HELDENFELS BROS., Interveners). (No. 6572.)**

(Court of Civil Appeals of Texas. San Antonio. May 18, 1921. Rehearing Denied June 15, 1921.)

1. Appeal and error ⊚⇒1069(2)—Trial ⊚⇒307(1)—**Prejudicial for jurors to obtain dictionary.**

It was error and prejudicial for the jurors, who had retired, to obtain a dictionary to be used by them, since no maker of dictionaries should ever be allowed to define legal terms to a jury, unless such definitions go through the medium of the trial judge, the only one authorized by law to give definitions and explanations to a jury.

2. Contracts ⊚⇒322(2)—**Court erred in overruling objection to evidence collateral to issues.**

In an action on a note given to secure the establishment of a shipyard in a city for the construction of four wooden ocean-going ships, on the issue of what is an ocean-going ship, the court erred in not sustaining an objection to question as to how many boats Columbus had when he discovered America.

3. Trial ⊚⇒29(3)—**Trial court should be careful of observations as to manner counsel asked questions.**

The rules of the district court govern the conduct of counsel in the trial of causes, and they should be required to observe them though it be necessary to impose a penalty, but the trial court should be careful in making observations that may tend to influence the jury to the one side or the other.

Appeal from District Court, Aransas County; M. A. Childers, Judge.

Suit by the First National Bank of Rockport against the S. Lightburne & Co., in which Heldenfels Bros. intervened. From a judgment for plaintiff, defendant Lightburne & Co. appeal. Reversed and remanded.

H. S. Bonham, of Beeville, Stevens & Stevens, of Rockport, and L. D. Stroud and Dougherty & Dougherty, all of Beeville, for appellants.

Gordon Gibson, of Rockport, and Beasley & Beasley, of Beeville, for appellees.

COBBS, J. This is a suit to recover on an obligation or note dated September 21, 1917, signed by S. Lightburne & Co. for the sum of $2,500, payable to Heldenfels Bros., with 6 per cent. interest per annum after maturity. The consideration in the note is to "establish and maintain a permanent shipyard at Rockport, Tex., on the side offered them by the citizens of Rockport, and the construction of four wooden ocean-going ships, for and under the direction of the United States government." The consideration and obligations in this note are precisely similar to the one sued on, and upon which this court has already passed, reported as Bell v. First National Bank, 226 S. W. 1107. This note was indorsed and assigned to appellees, now the beneficial owners thereof.

Appellant, in due order, filed a motion to change the venue, alleging, in substance, that there was a strong combination instigated by influential persons by reason of which defendants could not obtain a fair and impartial trial; that by reason of the trial in Rockport, Tex., of several suits on similar notes, involving the same facts, all of which had been discussed, many of the jurors had become disqualified, and various other facts in support of it, some of which facts were alleged to have been developed on the voir dire examination of the jurors present.

There is a mass of testimony introduced pro and con on this issue. The court seems to have given much care to the consideration of the motion and testimony. He took the motion under advisement for two days and then overruled it. His action is supported by the testimony, and we find nothing arbitrary in his action, but to the contrary. The assignment is overruled.

The second assignment is that the court erred in not granting a new trial because of the misconduct of the jury in securing and using a dictionary, which was claimed to be highly prejudicial. This dictionary was secured by the juror Bahr, who was a debtor to the bank and secured a renewal of a note to it on the day before the trial, and who it was alleged was an active partisan of the bank, and who for that and other reasons the appellant attempted to disqualify as a juror. It was shown he left the jury room to look for a dictionary, had a conversation, while out from the jury room, with the county attorney, and also with the janitor, and after he returned to the jury room the sheriff, a brother-in-law to the president of appellee's bank, brought the dictionary to the jury. During the deliberations of the jury the following letters were passed to and from the court:

"To Hon. Judge: The jury would like to know, if Heldenfels Bros. were maintaining and operating the shipyards, why did F. W. Heldenfels and C. A. Heldenfels draw a salary from the government since the contract, No. 490 W.

H. of September 12, 1918, while the ships were supposed to be built on contract?
                    "H. E. Bahr, Foreman."
To which the court answered:
"This is a matter the court cannot answer.
                    "M. A. Childers, Judge."
"To Hon. Judge: Can a wooden cargo-carrying hull be classed as an ocean-going ship?
                    "H. E. Bahr, Foreman."
To which the court replied:
"The court cannot answer such questions.
                    "M. A. Childers, Judge."

[1] Bahr was also the foreman of the jury It was his suggestion that they get a dictionary. The jury was arguing the case and could not come to a decision under the court's charge, when the dictionary was secured to find the difference between a cargo-carrying hull and an ocean-going ship. They said:

"We looked all over the dictionary and found out what a cargo-carrying hull was, what a barge was, and at last we found out ocean-going ship."

In respect to securing the dictionary appellees say they—

"are bound to take cognizance of the remarks of the Chief Justice of this court in the case of Corpus Christi Railway v. Kjellberg, 185 S. W. 430, and to realize that such remarks were prompted by the sound policy of keeping the jury free from outside influences. Appellees, however, contend that no other judgment than the one rendered could properly have been rendered in his case."

In that opinion it was said:

"What the jury obtained from that stupendous work, filled with inconceivable words and maxims and aphorisms, no one knows. No book should be consulted by a jury in arriving at a verdict, and especially one that defines and treats on everything expressed by the English language. No maker of dictionaries should ever be allowed to define legal terms to a jury, unless such definitions go through the medium of the trial judge, the only one authorized by law to give definitions and explanations to a jury."

We fail to see any distinction between what was held as error in that case and what was done in this case, and we will follow that decision.

[2] In the progress of the trial the following questions were propounded and answered by Mr. Charles G. Johnson, president of the bank: "Mr. Johnson, of course you know who discovered America?" To which the witness answered: "Yes; Columbus." To this question and answer defendants objected on the ground that such testimony was immaterial and irrelevant, which said objection was overruled, and exception taken, and thereafter the following proceedings occurred:

"Q. How many boats did he have, do you know, Mr. Johnson? A. I don't know.
"Defendant's Counsel: We object.

"Plaintiff's Counsel: I asked him if he knew who first discovered America, and then I asked him did he know how many boats were in the fleet Columbus had. A. There were several of them.

"Q. What did you say, Mr. Johnson? A. I said there were several of them.

"Defendant's Counsel: We object, your honor, as being immaterial and irrelevant.

"The Court: I think the counsel is doing it as fun.

"Plaintiff's Counsel: No, your honor; I am in earnest about it; there were three boats in the fleet, and they were small boats having no machinery in them."

The error was properly assigned, and is sustained.

There were other assignments made complaining of the several rulings of the court, which we have examined and overrule, for many of them are not likely to occur on another trial.

On the real merits of this case it is really nothing more than a suit to recover on a promissory note. All the material issues were fairly submitted to the jury and found in favor of appellees. We fail to distinguish this case from the case of Bell v. First National Bank, supra.

[3] We cannot give our assent to nor approval of the manner in which this case was tried in respect to the matters referred to, set out in the lengthy record and briefs. We cannot say that the matters referred to and the passage of arms, so to speak, or rather the strictures of the judge on the manner in which questions were asked by appellant's counsel that irritated the court, did not somewhat tend, in connection with the other things, to produce the verdict. The rules of the district court govern the conduct of counsel in the trial of causes, and they should be required to observe them, though it be necessary to impose a penalty. But the trial court cannot fail to observe how closely the jury follows any observation the court may make in regard to the testimony or conduct of counsel that may tend to influence them to the one side or the other.

The judgment is therefore reversed, and the cause remanded for a new trial.

On Motion for Rehearing.

In reply to appellees' motion for rehearing, our attention is called to a statement made in the opinion that the suit is nothing more than a suit on a promissory note, and further that we fail to distinguish it from the decision of this court in Bell v. First National Bank of Rockport. Both statements are true in that the notes are similar, and both are promissory notes, and both contain similar clauses of conditions.

The issue as to whether Heldenfels Bros. have established and maintained a permanent shipyard and the performance of such conditions as are expressed therein have been raised as an issue of fact. We have not intended to prejudge any issues that will probably arise hereafter on the trial of this case by any observations made in respect thereto.

The motion for a rehearing is overruled.