**OLIVER v. SCOTT.    (No. 2195.)***

(Court of Civil Appeals of Texas.   Amarillo.
Oct. 31, 1923.   Rehearing Denied
Nov. 21, 1923.)

1. Witnesses ⬅268(3)—Defendant held entitled to introduce entire conversation, part of which had first been brought out by plaintiff.

In a real estate broker's action for commissions on a sale to a purchaser alleged to have been found by him through a subagent, where the subagent had testified for plaintiff that in talking with the purchaser she remarked that the property had been offered to her for less, *held*, that defendant was entitled to develop the whole conversation, especially as the subagent was interested in the suit, never having released his interest in the suit.

2. Evidence ⬅123(7)—Statements by agent subsequent to transaction and in absence of principal held admissible as res gestæ.

In a real estate broker's action for commissions on a sale to a purchaser alleged to have been found by him through a subagent, where the subagent had testified that the purchaser remarked that the property had been offered to her for less, *held*, that defendant was entitled to develop the whole conversation as part of the res gestæ, though consisting of declarations by an agent subsequent to the transaction in the absence of the principal.

3. Appeal and error ⬅499(4)—Unsigned certificate found in transcript held not proof that objections to charge were made.

That a certificate, stating certain objections to a charge given, was contained in the transcript on appeal, *held* insufficient to show that the objections to the charge were in fact made and presented as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, when not signed by the judge or supported by any order of court shown by the minutes.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by G. T. Oliver against J. L. Scott. Judgment for defendant, and plaintiff appeals.   Affirmed.

S. E. Fish, of Amarillo, for appellant.

E. O. Northcutt and Turner & Dooley, all of Amarillo, for appellee.

RANDOLPH, J.   Appellant sued appellee for $1,000, alleged to be due him as commissions for the sale of real estate in Amarillo. On trial before the district court of Potter county before a jury, a verdict was returned answering special issues, and upon such issues and the jury's answer thereto the court rendered judgment for appellee.   From that judgment appeal was perfected to this court. The evidence discloses that appellee listed his property with appellant for sale by the following writing, noted on an envelope:

"G. T. Oliver: You can sell my property on Tyler, 140x300, with all improvements for

$11,000, net to me, $6,000 cash, balance on or before one and two years, deferred note to draw ten per cent. interest.   This option good to night of September 18 next. I reserve right to sell myself but will not solicit buyers.
    "[Signed]   J. L. Scott."

Appellant, thinking W. H. Coon, another real estate agent, might be a possible purchaser, mentioned the matter to him.   Coon informed appellant that he was not interested himself, but that he had some friends who would likely purchase it.   Appellant and Coon then entered into an agreement whereby Coon, as subagent, was authorized to sell the property for $12,500, Coon to receive $500 as his commission for his services.   Coon then approached Mrs. Mary Canode, wife of H. P. Canode, with reference to the purchase of this property by her.   In the conversation had with her at this time, she remarked to him, according to his testimony in his direct examination, "Could it not be bought for less?" or that "it had been offered to her for less," he could not be certain which expression she used.   Coon then went to appellant and accused him of double crossing him, letting some other person approach Mrs. Canode with a less price than he had been authorized to ask her or by doing so himself. Appellant then showed him the listing given him by Scott, the appellee, and at once wrote Mrs. Canode a note, in which he notified her that he had a written option on the Scott property; that he was authorizing Mr. Coon to sell it at $12,500; that no one was authorized to sell at a less price and that price was only for that day, and if she was interested to call Mr. Coon.   This was on the 11th of September, 1919.   It appears also from the evidence that appellee Scott, some days before this, had told his neighbor, Joe Kimble, that if he could get $12,000 for his property he believed he would sell it.   This information was in turn given by Kimble to Ed Holbrook, who was a personal friend of the Canodes. Holbrook told Mrs. Canode what he had been told by Joe Kimble and about 8 or 9 o'clock of September 11, 1919, Holbrook, at Mrs. Canode's request, took her out to see the property, and later that morning, possibly about noon, Canode phoned Scott and had him come to the Amarillo Hotel, which they were running, and closed the deal for the property at $12,000.

In view of the verdict of the jury that neither appellant nor his subagent, Coon, was the procuring cause of the sale, and the evidence being conflicting, the verdict of the jury must stand, unless the trial court erred in the matters which we shall now discuss.

Assignments Nos. 1, 8, and 9 raise the question of error committed by the trial court in permitting counsel for appellee to examine Coon, who was a witness, and other witnesses, relative to statements alleged to have

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 16, 1924.

been made by him subsequent to the transaction because the agent's declarations, made in the absence of the principal, subsequent to the transaction, are inadmissible against the principal; that it is not part of the res gestæ, is mere hearsay, and is irrelevant and immaterial.

The appellant himself introduced Coon as a witness. During his direct examination by appellant's attorney, Coon testified that in talking with Mrs. Canode about the property she asked him the price, and he told her $12,500, and that she made the remark, "Could it not be bought for less than that?" or that "it had been offered to her for less than that." When the appellee, on cross-examination, sought to develop the whole conversation had with Mrs. Canode, the objections noted above were made by appellant, and subsequently his objections were made to the detailing of this statement by other witnesses when they were introduced.

[1, 2] The objections should have been overruled: (1) Because appellant had first introduced the testimony as to the statement made by Mrs. Canode. (2) While Coon was not a party plaintiff to the suit, yet his interest was such as would place him in that category; he never having waived or released his interest in the commission. (3) The testimony was clearly a part of the res gestæ, even if made by an agent subsequent to the transaction and in the absence of the principal. The additional statement in the declaration of Coon to Scott, appellee, that the information given him by Mrs. Canode made him as "mad as hell," may have shown a mental disturbance not justified by the real facts, but it has no probative force and adds nothing to the force of the testimony given by Coon.

The declaration of the witness Coon was also admissible to impeach his claim of having been the procuring cause of the sale, and it is not limited to that purpose alone, but is competent evidence as to such facts as are provable by parol. 22 C. J. 334. We recognize the general rule to be that admissions made by an agent relative to a past transaction cannot ordinarily be received in evidence against his principal; but where such statements are part of the res gestæ, and even though made after consummation of the contract, yet if they were made when immediate effect of the occurrence may be supposed to have exerted a controlling influence on the mind of the declarant, they are res gestæ and are admissible. 22 C. J. § 42, p. 379.

Such statements are admissible as res gestæ, though made in the absence of the principal. Brooks v. Long (Tex. Civ. App.) 199 S. W. 511; Mitchell v. Crossett (Tex. Civ. App.) 143 S. W. 965.

Appellant's assignment No. 16 calls in question the action of the court in giving a general charge to the jury after submitting same to the jury upon special issues.

The court gave the jury special issue No. 1, in which the following was submitted to the jury:

"Did the plaintiff, G. T. Oliver, through his subagent, W. H. Coon, find in the person of H. P. Canode and wife, Mary Canode, or in her alone, a purchaser for the property who was willing, ready, and able to purchase same at the price and upon the terms specified by the owner?"

And special issue No. 2, as follows:

"Was the plaintiff, G. T. Oliver, acting by and through his subagent, W. H. Coon, the procuring cause of that sale of said property to H. P. Canode and wife, Mary G. Canode, or to either of them?"

Under clause 2 of the charge, the court, in three paragraphs, submitted, first an explanation or definition of the term "procuring cause," in the second instructs the jury as to the burden of proof in the case, and the third was given in the following language:

"(3) If you find and believe from a preponderance of the evidence that the defendant, J. L. Scott, did not, directly or indirectly, solicit H. P. Canode and wife, Mary G. Canode, or either of them, to purchase the property, and that he, the said J. L. Scott, individually, made the sale of the property to H. P. Canode and wife, Mary G. Canode, or her alone, and that the plaintiff, G. T. Oliver, acting alone or through his subagent, W. H. Coon, was not the procuring cause of such sale, and was not the procuring cause of the said seller and buyer coming together for the purpose of negotiations about such sale, then your answer to special issues Nos. 1 and 2 should be in the negative."

[3] There is in the transcript, immediately succeeding the charge of the court and verdict of the jury, an instrument signed by counsel for appellant and denominated "Defendant's Objection to the Court's Charge." This instrument purports to state the objections made to that portion of the court's charge copied above. Attached to it was an unsigned certificate, prepared for the judge's signature. In addition to this certificate not having been signed, the statements contained therein render us doubtful of the time when the objections were made. In the first paragraph of the certificate it is recited:

"That after the court had prepared his charge to the jury and submitted it to opposing counsel for examination and filing objections thereto, plaintiff's counsel, within a reasonable time after said charge was read to the jury, prepared and presented to the court the foregoing objections and exceptions, which by the court, upon consideration thereof, were in all things overruled."

And in the second paragraph it is stated:

"Thereafter the court read his charge to the jury, to which action of the court plaintiff's

counsel, in open court, excepted, and this is allowed as plaintiff's bill of exceptions to said action of the court and is ordered filed as part of the record herein."

Article 1971, Vernon's Sayles' Civil Statutes, relating to the making of objections to the main charge of the court, is as follows:

"*Requisites of Charge; Submission to Parties; Objections, etc.*—The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived. * * * "

The requirement that the objections be presented to the court before the charge is read to the jury is not here shown to have been complied with; but, if we gave appellant the benefit of the doubt created by the contradictory recitals in the certificate, we are confronted with the fatal defect that there is nothing in the record to establish the fact that such objections were made and presented at all. The unsigned certificate is no proof of the fact, and the fact that it is contained in the transcript gives no authenticity to it. There is no order of the court shown from the minutes to establish it. A compliance with this statute must affirmatively appear from some authenticated record before this court is authorized to say that such recitals are recitals of fact.

It is held in the case of Fort Worth & Denver City Ry. Co. v. Kidwell, 112 Tex. 89, 245 S. W. 667, that the apparent purpose of article 1971 is to require all objections to be reduced to writing and presented to the trial court before the charge is read to the jury. There must be some proof that it was so done.

In the case of Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 137, 187 S. W. 189, there was just such an instrument as the one here being considered, that is, an instrument entitled "Defendant's Exceptions to the Court's General Charge," duly signed by defendant's attorneys but not appearing to have been certified to by the judge. Immediately following this instrument in the transcript appeared the following order:

"On this day came on to be heard the objections and the exceptions of the defendant to the court's general charge, which were presented to the court before the reading of his charge to the jury, and the court having heard the same is of the opinion that the law is against the said objections and exceptions, and it is therefore ordered and considered by the court that the same be and the same are hereby in all things overruled, to which the defendant excepted."

The Court of Civil Appeals declined to consider an assignment of error, based on such a presentation of the objections (171 S. W. 1099), on the ground that such objections must be preserved by bill of exceptions. Writ of error having been granted, Judge Phillips, in a painstaking and able opinion (108 Tex. 137, 187 S. W. 189), discussing the various provisions contained in articles 1971 and 1972, Vernon's Sayles' Civil Statutes, arrives at this conclusion: That the change worked in the law as provided in article 1972 is to require that for errors in the general charge to be reviewable on appeal they must be brought to the court's attention before it is read to the jury, and that—

"To accomplish the purpose of the amendatory act [article 1971] in its relation to the general charge, there should, of course, be some authentic record that the objections to the general charge urged on appeal were in fact presented to the trial court, and presented before the charge was read to the jury."

And with this he further concludes that the order of the court above quoted gives that authenticity.

For the reason that there is no authentic proof that the objections appearing in the record were made and presented to the court at all, we overrule this assignment.

We have carefully considered the other assignments in appellant's brief, and, finding no reversible error, we overrule them and order the affirmance of the judgment of the trial court.

### On Motion for Rehearing.

Considering appellant's motion for additional findings, we overrule same for the reasons: (1) That he does not specify any particular matter upon which this court should make such additional findings; and (2) this court has, in its opinion on the original hearing, made and found such conclusions of law and fact upon every material point assigned as error in this court.

The motion for rehearing being without merit, is overruled. Appellant's statement that this court erred in the statement that Mrs. Canode went to see the property in controversy about 8 or 9 o'clock in the morning is not borne out by the record. Halbrook so testified, and other portions of the record bear evidence that his statements were true.

We therefore refuse to change our finding upon this point. Both motions are overruled.