**STEHLING v. JOHNSTON.**

No. 8491.

Court of Civil Appeals of Texas. San Antonio.

Nov. 12, 1930.

Rehearing Denied Dec. 3, 1930.

motortruck and an automobile driven by appellee, Fred J. Johnston. The collision occurred about 11 o'clock at night, at the intersection of Terrell road and North New Braunfels avenue, at the boundary line of the city of San Antonio. Appellant was traveling south on New Braunfels avenue. Appellee was traveling east on Terrell road. While crossing the intersection of the two streets, appellant's truck was struck near its center by appellee's car. Appellant was thrown from the truck and injured.

The jury found, upon one hand, that appellee without having the right of way, (1) was driving at a negligent rate of speed, (2) in excess of 20 miles an hour, and (3) did not keep a proper lookout, (4) or give warning of his approach, or (5) have his car under control; that in each such respects appellee was negligent and such negligence directly caused or contributed to the accident.

On the other hand, while acquitting appellant of negligence in other respects, the jury found that just before and at the time of the accident he negligently failed "to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances," and that such failure directly caused or contributed to the accident. A jury finding eliminated the question of discovered peril.

In other words, the jury found that although appellee was negligent, and that his negligence caused or contributed to the accident, appellant himself was guilty of contributory negligence which equally caused or contributed to the accident. The case was thus brought under the familiar rule that a person may not recover damages for injuries caused wholly or in part by his own negligence, in the absence of discovered peril.

Appellant urges with great earnestness and force that there was no material evidence to support the jury's finding of contributory negligence. We have carefully considered this contention, as the trial judge doubtless did in passing upon the motion for new trial, and we have concluded, as the trial judge did, that the evidence raised that issue, and that the jury's finding thereon is conclusive upon both the trial court and this court. Accordingly, we must overrule appellant's propositions 1, 2, 3, 4, and 6.

Appellant contends that the jury's findings upon contributory negligence were inconsistent and incompatible with their further finding that appellee did not have the right of way, which appellant probably erroneously construes into a finding that he himself had the right of way. He contends that as he had the right of way he was relieved of the duty otherwise resting upon him of keeping a lookout. We are unable

Morriss & Morriss and Reed Cozart, all of San Antonio, for appellant.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellee.

SMITH, J.

This action is for damages for personal injuries sustained by appellant, Otto Stehling, as a result of a collision between his

698

to sustain this contention, which is presented in appellant's propositions 4a and 5. The duty rests upon every traveler to keep a lookout in all situations of which he may be aware. If he is in that vague and elusive position of having the right of way across a city street intersection, yet he may not proceed blindly and in disregard of the dangers which common knowledge and everyday experience and observation teach us lurk in every such situation. Having such right of way may give the traveler a certain technical legal status of superiority over his fellows thereabouts, but as a practical matter it gives him but scant assurance of safety from the recklessness or carelessness of others not so positioned and knowing or caring but little for his technical advantage. He is still under the duty of protecting himself from such heedless acts of others as may be anticipated or foreseen from his point of vantage, whatever and wherever it is. Here, the jury found that, although appellant may have had the right of way, yet, being so positioned, he failed to keep such lookout "as a person of ordinary prudence would have kept under the same or similar circumstances"; that is to say, that a person of ordinary prudence, although having the right of way there, would have kept a better lookout than appellant did, and by such diligence would have avoided the accident. We overrule appellant's propositions 4a and 5.

But, it appears indisputably from the record that a majority of the jury were misled by one of their members into making the finding, against their belief, that appellant was guilty of contributory negligence. That finding was made up from the answers of the jury to questions 7, 7a, and 7b. When the jury had agreed upon their answers to the first series of questions in which they found appellee guilty of the several acts of negligence, which they further found to be the proximate cause of the accident, they came to question 7, upon the answer to which they disagreed. A majority of the jurors—apparently ten of them—favored a negative answer to question 7, thereby acquitting appellant of contributory negligence. When this division developed, and it became apparent that the jurors could not agree upon an answer to question 7, one of them assured the others, in effect, that their answer to the question was immaterial upon the whole verdict; that the controlling issue was that of damages and the amount thereof; that he had served on a jury in a personal injury case about a year before then, and there learned that the only material question was that of damages, and that when the jury determined that question and agreed on the amount of damages they would award the injured person, the answers to all other questions became immaterial, and it did not matter how they were answered, as plaintiff would nevertheless recover the amount of damages they so awarded; that in this case they should proceed to determine the amount of damages they would award appellant, and then they could return to questions 7, 7a, and 7b and answer them anyway, as such answers would be immaterial. After this juror had assured all the others, some of whom objected at first to this procedure, that such process was proper and had been proven so in the case he mentioned, and could be properly and safely resorted to in this case, the jurors passed over questions 7, 7a, and 7b, and took up the question of damages. After they agreed upon an amount to which they deemed appellant entitled, they returned to the question of contributory negligence, and again the experienced juror assured them from his knowledge gained in a former case that their answer to that question was wholly immaterial, and that an affirmative answer thereto would not affect appellant's right to recover the amount they had agreed upon. Some of the ten jurors who had previously favored, and still favored, a negative answer to the question of contributory negligence, again demurred to an affirmative answer, but finally yielded to the experienced juror's persuasive assurances, and agreed to an affirmative finding upon the issue of contributory negligence. Such finding was not their true verdict, was contrary to their true conclusions, and was wrung from them by the deception apparently innocently practiced upon them by their fellow. Obviously, a verdict so arrived at mocks at law and justice, and should not stand.

Ordinarily, the granting of a new trial on account of misconduct of juries is within the sound discretion of the trial judge. But such discretion extends no further than the function of passing upon the evidence establishing the acts of misconduct. Here, however, that evidence was undisputed, is in effect conceded by appellant to be true, and turns the question to be decided into one of law upon undisputed facts, to be resolved by the appellate courts, unhampered by the conclusion of the trial court thereon. Harvey v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 261 S. W. 197; Id. (Tex. Com. App.) 276 S. W. 895; Id. (Tex. Com. App.) 278 S. W. 839; Bradshaw v. Abrams (Tex. Com. App.) 24 S. W.(2d) 372; Coons v. Culp (Tex. Civ. App.) 278 S. W. 914; Mann v. Cook (Tex. Civ. App.) 11 S.W.(2d) 572.

Because of the palpable misconduct of the jury, the judgment will be reversed, and the cause remanded for another trial. It is not a case for rendition, as contended by appellant, for the one reason, if no other, that the material question of contributory negligence is still an open one, to be determined below, and not here.

Reversed and remanded.