Rawlings & Sayers and Nelson Scurlock, all of Fort Worth, for appellant.

Thompson & Barwise and Luther Hudson, all of Fort Worth, for appellees.

BROWN, Justice.

Appellant and his wife and baby were riding in the family automobile, within the city limits of the City of Fort Worth, using a public thoroughfare that crosses the tracks of the "Rock Island" Railroad, which tracks were being used by appellee, Fort Worth & Denver City Railway Company, on which to operate its modern, "streamlined" passenger train that was propelled by a Deisel engine.

Appellee's train is capable of great speed and is an innovation in this part of the land.

Instead of being equipped, as is provided by statute (Article 6371, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 6371), with a whistle and a bell of designated weight, this train is equipped with a whistle that

FIGULA v. FORT WORTH & D. C. RY. CO. et al.

No. 13923.

Court of Civil Appeals of Texas. Fort Worth.

June 9, 1939.

Rehearing Denied Oct. 13, 1939.

makes a booming noise like that made by a fog horn, and with a "siren", or horn that makes such a noise as is now customarily used by fire wagons, police cars and ambulances.

While riding, in the daytime, on said street as aforesaid, and as the automobile neared the said railroad crossing, appellant heard, according to his testimony, a siren, and thinking it was an ambulance, or fire wagon, he slowed his car down, operated it to the side of the highway and looked for the vehicle that was using the siren. All this happened in a very few seconds, and just as appellant reached the crossing he saw the train bearing down upon him so close that he attempted to turn from it but was caught, and in the wreck that followed, appellant's wife and baby were killed.

This suit followed and being tried to a jury, judgment was rendered that the plaintiff—appellant here—take nothing.

This judgment is based upon the verdict wherein appellant was found guilty of contributory negligence.

On the appeal taken three assignments of error appear.

■ The first contends that there is error in that the foreman of the jury admitted that he consulted his dictionary to ascertain the meaning of "proximate cause".

It appears, that there was much discussion about the meaning of "proximate", especially in connection with the issues touching on appellant's negligence.

We think that the evidence is so conclusive on this matter that it cannot be said that the jury's verdict was not influenced by the fact that the definition in the dictionary was followed instead of the definition given by the court. If there is a doubt about such a matter, we believe that this is a case where the doubt should be resolved in favor of the appellant.

We think this was misconduct of the jury, requiring a reversal. Norris Bros., Inc., v. Mattinson, Tex.Civ.App., 118 S.W. 2d 460, writ dismissed; Corpus Christi St. & Int. Ry. Co. v. Kjellberg, Tex.Civ.App., 185 S.W. 430; Lightburne & Co. v. First Nat. Bank, Tex.Civ.App., 232 S.W. 343.

■ The very purpose of the court's charge is that a proper guide may be given the jury in reaching a proper verdict. This purpose is thwarted when any juror seeks information from an outside source.

There does not appear to us to be any doubt but that the investigation made by the foreman of the jury materially influenced him.

It does not seem necessary to us to speculate upon the influence that the foreman may have had upon other members of the jury.

■ The second assignment of error contends that error was committed by the jury in that there was both discussion of and consideration given to the effect that the answers to certain issues would have upon the judgment that was to be rendered on the verdict.

The record discloses that when the jury was discussing the amount of damages to be awarded and the issues touching contributory negligence on the part of appellant, it was urged, as a means of getting all of the jurors to agree to a certain sum as damages, that all of the jurors answer the issues touching contributory negligence in the manner that same were answered. A number of the jurors did not want to answer these issues as they were finally answered, but they were told that such answers would not prevent the plaintiff from recovering.

We think this was material misconduct, requiring a reversal. Walker v. Quanah, A. & P. Ry. Co., Tex.Com.App., 58 S.W.2d 4, and cases cited.

■ The last assignment of error contends that there is error in that some of the jurors discussed their knowledge of and experiences with the crossing in question.

This argument—these statements—were made in arguing that a person should be able to see and hear an approaching train, at that crossing, in time to prevent a collision.

We think that this was misconduct, requiring a reversal. St. Louis Southwestern R. Co. v. Mauney, 127 Tex. 286, 93 S.W.2d 377; Texas Power & Light Co. v. Friedsam, Tex.Civ.App., 105 S.W.2d 1118, writ dismissed; Lander v. Jordan, Tex.Civ. App., 87 S.W.2d 1109.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.