## HARKINS v. MOSLEY.

### No. 5061.

Court of Civil Appeals of Texas. Amarillo.

Oct. 9, 1939.

Rehearing Denied Nov. 6, 1939.

E. O. Northcutt, of Amarillo, for appellant.

W. H. Russell and Carl Gilliland, both of Hereford, for appellee.

JACKSON, Chief Justice.

This suit was instituted in the District Court of Deaf Smith County by Darrell Harkins, the appellant, against John Mosley, the appellee, to recover actual damages in the sum of $15,000.00 and exemplary damages in the sum of $10,000.00.

The appellant alleged that appellee voluntarily, wilfully, without proper cause and for the purpose of doing him an injury, complained to and before the duly organized grand jury of the district court of said county in 1938 at the January term thereof, and by false statements and representations induced the grand jury to indict appellant for the crime of embezzlement; had him arrested, placed in jail, arraigned in the district court of said county and tried for said alleged offense and, at the close of the testimony, on or about February 17, 1938, the jurors, in obedience to a peremptory instruction from the court, found appellant not guilty.

The appellee answered by exceptions, general and special denials and alleged that by virtue of a contract with appellee the appellant had collected certain funds for which he failed to account and the facts relative thereto he presented to the grand jury.

The jury found against the appellant on exemplary damages, hence, such issues are not set out. Excepting the definitions given by the court the special issues and the answers thereto material to this appeal are as follows:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence in this case, that the indictment which was returned by the Grand Jury of Deaf Smith County, Texas, at the

January Term, A. D. 1938, and filed in this Court on the 1st day of February, A. D. 1938, was returned by said Grand Jury, upon the testimony of the defendant, which induced the said Grand Jury to indict the Plaintiff, for the offense of Embezzlement?

"You will answer 'Yes', or 'No'. Answer: 'Yes'.

"Special Issue No. 2.

"Do you find from a preponderance of the evidence, that the defendant, J. R. Mosley, acted without 'probable cause' in giving his statement or testimony before the Grand Jury?

"You will answer 'Yes' or 'No'. Answer: 'No'.

"Special Issue No. 3.

"Do you find from a preponderance of the evidence, that the defendant, J. R. Mosley, acted with malice, as the term 'malice' is defined for you, below, in giving his testimony to the Grand Jury?

"You will answer 'Yes' or 'No'. Answer: 'No'.

"Special Issue No. 4.

"Do you find from a preponderance of the evidence, in this case, that J. R. Mosley, the defendant, submitted to the Grand Jury a full, fair and correct statement to them of the facts relative to the transaction between him and the plaintiff, when he appeared before the Grand Jury?

"You will answer 'Yes' or 'No'. Answer: 'No'.

"Special Issue No. 5.

"Do you find from a preponderance of the evidence, that the plaintiff sustained any actual damage by reason of the statements given by the defendant, before the Grand Jury, upon which the indictment was returned by them, charging the plaintiff with Embezzlement?

"You will answer 'Yes' or 'No'. Answer: 'Yes'.

"Special Issue No. 6.

"How much damages, if any, do you find and believe from the evidence, that the Plaintiff has suffered as a direct and proximate result of having been indicted for Embezzlement by the Grand Jury? Answer: '$1,000.00'."

On these findings judgment was rendered that the plaintiff take nothing by his suit and that the defendant go hence with his cost. The evidence of the indictment, arrest, trial and acquittal is not questioned.

■ The appellant complains, among other things, that the court committed reversible error in failing and refusing to set aside the verdict of the jury and the judgment based thereon against him because of the misconduct of the jury.

The record discloses that the jury was given the case and retired to consider their verdict Friday afternoon and deliberated that day until about midnight; that on Saturday they continued their consideration of the case practically all day and were excused by the court Saturday afternoon until the following Monday at 10 o'clock A. M. when they reassembled and again began their deliberation which continued until a verdict was reached near midnight Monday. They discussed all the questions at some length but never agreed on the answer to any of the issues until some time late on Monday evening. At that time they agreed that appellant should not recover exemplary damages but did agree that he was entitled to actual damages and by a ballot a short while before the other issues were answered, found in response to special issues 5 and 6 that appellant should recover actual damages in the sum of $1,000.00.

Prior to the agreement that appellant should recover actual damages and the amount thereof, the answers to none of the issues had been agreed upon and eight, and sometimes nine, of the jurors were in favor of answering issue No. 2, submitting "probable cause" and issue No. 3, submitting "malice", in the affirmative, and the other jurors favored answering such issues in the negative. During the deliberation there was considerable discussion as to the effect the answers to issues Nos. 2 and 3 would have on appellant's claim for actual damages; some of them thought, and so stated, that the answers to issues Nos. 2 and 3 were immaterial and did not affect the recovery of actual damages but applied only to the claim for exemplary damages. The discussion was apparently indulged in by the entire jury and those believing they were immaterial convinced those that had no opinion and those that were uncertain, or they were convinced by the discussion, that such issues were immaterial and would not affect the recovery of actual damages, after which issues Nos. 2 and 3 were answered negatively and the other issues answered with dispatch. The jurors, Ayres, Boyer, Milburn, Bullis and Ratcliffe, testi-

fied that in their opinion the testimony did show that the appellee acted with "malice" and without "probable cause" and but for the fact that they concluded from the discussion in the jury room that the answers to these questions were immaterial and would not affect appellant's right to recover actual damages, they would not have agreed to answer issues 2 and 3 in the negative.

Two of the jurors testified, and all the circumstances and evidence show, in our opinion, that the jurors first agreed that appellant was entitled to a verdict and after they agreed on the amount of actual damages to be allowed they all, or at least a majority, tried to prepare the answers to the special issues to accomplish that purpose and secure that result.

In Harvey v. Gulf, C. & S. F. Ry. Co., 261 S.W. 197, 201, the Court of Civil Appeals said: "It is therefore clear under these decisions that if the representations by Juror Henderson that it was immaterial what answer should be given to an issue submitted otherwise than upon the testimony were improper, and under all the evidence leaves it reasonably doubtful as to whether or not the improper statement or representation affected the answer of the jury to any of the questions, then a new trial must be granted." This case was affirmed in Tex.Com.App., 276 S.W. 895.

In Mann et al. v. Cook, Tex.Civ.App., 11 S.W.2d 572, 577, the court holds it was error after the jury had made findings of damages for a juror to state in the jury room: "That it mattered not what their finding might be on the issue of plaintiff's contributory negligence, such finding would not preclude a recovery by the plaintiff, since they had already passed on the issue of damages, and that by reason of such statement they did not thoroughly consider the issues of contributory negligence, and would not have made the findings that were returned on those issues, if those statements had not been made."

In Walker v. Quanah, A. & P. Ry. Co., 58 S.W.2d 4, in an opinion approved by the Supreme Court, it is stated in the first paragraph of the syllabi that: "Juror's statements during deliberation of case, submitted on special issues that finding of plaintiff's contributory negligence would not prevent his recovery, held misconduct requiring new trial."

See also McFaddin et al. v. Hebert et al., 118 Tex. 314, 15 S.W.2d 213; Carson et ux. v. Texas Pipe Line Co., Tex.Civ.App., 59 S.W.2d 328; Houston Electric Co. v. De Cuir, Tex.Civ.App., 69 S.W.2d 230.

In McFaddin et al. v. Hebert et al., supra, Judge Critz, in answer to a certified question, says [118 Tex. 314, 15 S.W.2d 216]: "If the court or the attorney, or any one else, is allowed to tell the jury the legal result of the answers, and to appeal to them in argument to so frame their answers so as to accomplish a result rather than to answer the issues truly as they find the facts to be from the evidence, or if the jury is permitted to agree on the result, and then designedly form the answers to accomplish such result, the law providing for special issue verdicts would be an idle and vain thing."

In Simmonds et al. v. St. Louis B. & M. Ry. Co., 29 S.W.2d 989, 990, an opinion approved by the Supreme Court, in holding reversible error the conduct of a jury in first agreeing on a verdict and then framing their answers to accomplish the agreement, Judge Sharp says: "The courts of this state have held, and it now seems to be the settled rule, that the purpose of article 2189 is to prevent a jury from first determining that they will give a party to the suit a verdict, and to then frame their answers so as to carry out their agreement. That the principal object in submitting a case to the jury upon special issues is that they should be removed from any bias or prejudice in favor of or against the parties by reason of the effect of their answers. The jury should answer each special issue as they find the facts to be from the evidence, without regard to its effect upon the judgment to be rendered in the cause."

The appellee's contention that the misconduct of the jury is not reversible error because he was entitled to a directed verdict is overruled.

The judgment is reversed and the cause remanded.