## PEREZ v. CONSOLIDATED UNDER-WRITERS.

No. 9658.

Court of Civil Appeals of Texas. Austin.

Nov. 12, 1947.

Rehearing Denied Dec. 1, 1947.

G. Woodson Morris, of San Antonio, for appellant.

W. L. Kemper and Eugene J. Wilson, both of Houston, for appellee.

HUGHES, Justice.

This is a workmen's Compensation case in which appellant, Andres H. Perez, was the employee, appellee, Consolidated Underwriters, was the insurer, and the Apache Packing Company was the employer. This suit was filed by appellee to set aside an award made appellant by the Industrial Accident Board.

Upon a jury verdict judgment was rendered against appellant, who filed a motion for new trial, alleging jury misconduct, which, after hearing, was overruled by the trial court; hence this appeal.

Thirty-two special issues were submitted to the jury.

In answer to Special Issue No. 1 the jury found that appellant had sustained no injury.

In answer to Special Issue No. 22 the jury found that the employer had not received notice of appellant's injury within 30 days from the date of injury.

Appellant's first point is that the trial court erred in submitting Special Issue No. 22 to the jury for the reason that the evidence was undisputed that Gregorio Saez, foreman of the employer, had actual notice of the injury at the time of its occurrence.

We need not discuss the evidence in this regard because this issue was not properly raised by appellee's pleadings.

In appellee's brief it is stated that by verified supplemental petition it denied that appellant gave notice of any injury within the time prescribed by law. Such supplemental petition did make such denial. The petition, however, was verified only to the extent of denying that appellant filed his claim with the Industrial Accident Board within 12 months from the date of injury.

 Appellant having plead that notice of injury was duly and timely given, the trial court should have accepted this as true in absence of a sworn denial. Rule 93, Texas Rules of Civil Procedure. There being no sworn denial of this allegation, the trial court erred in submitting Special Issue No. 22 to the jury.

The second and last point relates to alleged misconduct of the jury.

From appellant's point of view the evidence shows that while he was engaged in loading round bone cakes weighing from 25 to 30 pounds into wheelbarrows, one of the cakes fell on his left big toe, bruising it severely. The toe failed to heal; infection set in and the left leg was amputated above mid-thigh about March 27, 1946, and that the loss of his leg was due to the injury to his toe.

Appellee pleaded that the loss of the leg was not the result of the toe injury, but was due to disease. Medical testimony that appellant was afflicted with arteriosclerosis which necessitated the amputation, and that the toe injury was not responsible for the loss, was introduced by appellee.

The foreman of the jury testified on motion for new trial, in substance:

That Special Issue No. 1 inquiring if appellant had suffered any injury was answered first; that the first vote was 3 for and 9 against appellant; that one of the jurors said, in the presence of the jury, that he had a disease similar to the one appellant had and that if he had not taken care of his leg he would have lost it; that this juror exhibited his leg to the jury, pointing out red spots which he described

as being the same kind of spots that appellant had on his leg. From this the juror verbally concluded that appellant had the same disease as he, the juror, had and therefore he did not sustain any injury. Following this discussion and demonstration, the jury answered Special Issue No. 1 adversely to appellant, after which the jury lost interest in the remaining issues and in a rather slipshod manner answered them so as to be consistent with the answer to the first issue.

The foreman was one of the three jurors who had first voted "Yes" in answer to Special Issue No. 1. He testified positively that he was influenced by the demonstration and statements of the juror and thereafter changed his vote.

Another juror recalled the demonstration above described, and stated that some of the jurors who were in favor of answering that appellant was injured changed their vote to "No" after such demonstration and discussion. On cross-examination this juror stated that he was not influenced by the demonstration and discussion which he testified occurred after Special Issue No. 1 had been answered "No", although he was not certain as to when the "leg" incident took place.

The testimony of what a third juror would testify to if in court was read into the record. It followed the testimony of the foreman, summarized above.

Appellee does not deny that there was jury misconduct, but asserts that appellant has failed to show by a preponderance of the evidence that such misconduct probably resulted in injury to him. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462, 464, is cited. The rule is there stated to be: "If the evidence is conflicting on the question as to whether or not the misconduct actually occurred, the decision of the trial court either way on that question should be accepted as final. When misconduct is established, the question of injury is one of law for the reviewing court. Under the above-quoted rule both the trial and reviewing courts have the right to view the matter in the light of the entire record. By the entire record we mean the evidence heard on the motion present-

ing misconduct, the evidence on the main trial, and any and all other parts of the record which may throw light on the question of injury."

Karger v. Rio Grande Valley Citrus Exchange, Tex.Civ.App., 179 S.W.2d 816, Writ Ref.W.M., cited by appellee does not involve jury misconduct.

The next case discussed by appellee is Hudson v. West Central Drilling Co., Tex. Civ.App., 195 S.W.2d 387, writ ref. N.R.E. This was a negligence case in which all issues as to defendant's negligence were found for plaintiff and all issues as to contributory negligence were found for defendant. Jury misconduct, if any, was held to relate only to the issues found in plaintiff's favor and hence he could not successfully complain of the misconduct as he was not injured thereby.

In this case appellant's affirmative and controlling issues as well as appellee's defensive issues were answered against appellant.

█ Jury misconduct has been undeniably established and viewing the entire record it is our opinion that appellant, as a matter of law and by a preponderance of the evidence, has discharged the burden of showing that such misconduct resulted in probable injury to him.

The foreman of the jury was in far better position to know when and in what order the issues were discussed and answered than any other member of the jury. He certainly knew, better than any one else, how he originally voted and what induced him to change his vote. Particularly does his evidence outweigh the testimony of the juror who admitted that votes were changed after the leg incident, but who did not recall when this happened. The question of the loss of appellant's leg being due to injury or disease permeates the entire record and the exhibition of the juror's leg and his remarks were certainly calculated to injure appellant's case, and, in our opinion, the record shows that it did just that.

The judgment is reversed and this cause remanded for a new trial.

Reversed and remanded.