**MUNOZ v. BOLLACK STORE et al.**

No. 12231.

Court of Civil Appeals of Texas.
San Antonio.

March 14, 1951.

Rehearing Denied April 11, 1951.

---

Sharpe, Cunningham & Garza, Brownsville, for appellant.

Taylor, Cox, Wagner & Adams, Brownsville, for appellee.

POPE, Justice.

This is an appeal from a judgment upon a jury verdict denying recovery to appellant, the mother of a deceased minor child, in a common law negligence suit.

Appellant on December 22, 1947, in company with her six and eight-year-old sons, was riding the elevator in the Bollack Store. Appellant had her arms full of packages when she entered the elevator to leave the store. While descending to the first floor, the elevator operator, who was appellant's sister-in-law, told her of some merchandise for sale, and appellant decided to return to the second floor. No other persons were on the elevator. When the elevator started back toward the second floor, the eight-year-old child discovered and cried out that his little brother was gone.

Appellant admittedly had knowledge of the condition of the elevator. She had frequently used the elevator for a period of ten years, during which time she learned and knew that it had no cage on the door, and that between the floors there was a space of about six to eight inches between the elevator and the wall. The child was discovered dead at the bottom of the elevator shaft. No one saw what actually occurred.

The jury convicted the appellees of negligence proximately resulting in the death, but also found that appellant had been guilty of contributory negligence in failing to keep a proper watch over her child, and that this failure was also a proximate cause

of the death. But for the answers relating to appellant's failure to keep a proper watch, she would have prevailed. It is urged that those answers were the result of jury misconduct, for which a new trial should be ordered. It is also urged that the answer to the contributory negligence issue conflicts with other jury findings that appellant was not negligent in failing to hold the child's hand nor in failing to place herself between the child and the elevator door.

The court made extensive findings of fact in connection with the jury misconduct charged by appellant, and among other matters found that the jurors, immediately after the foreman read the court's charge, agreed that regardless of how the answers came out they were going to be ruled by the evidence; that the issues were answered consecutively, except for the issue relating to proximate causation on the contributory negligence of appellant's failure to keep a proper watch over the child; and that this issue was passed over after considerable discussion and left until all other issues had been answered. The court found that the evidence failed to show that any juror had stated the answer to that issue was immaterial, or that it would prevent appellant's recovery, or that there was any general agreement that the issue was immaterial; or that an affirmative answer would result in a conflict with an earlier proximate cause issue. However, there was discussion by the jurors relating to the consistency of their answers.

The court refused to find that any juror stated that a conflict would be resolved by the judge so the plaintiff would recover, and that such a statement resulted in changed answers. Some juror did state, however, that the answer would influence the decision, but no juror stated that a conflict would be resolved by the judge so that appellant would effect a recovery. One juror testified that he heard a statement during the deliberations, that an affirmative answer would make no difference and that "she will still get maybe eighty (or) ninety per cent."

Upon request, the court made further findings that several times the jury voted on the issue in question, that the first vote resulted in a split, with a minority of about five jurors voting affirmatively, which meant that the failure to keep watch was a proximate cause of the death. The ultimate unanimous affirmative vote followed a prolonged discussion, most of which concerned the definition of the term "proximate cause." One of the last jurors to change his vote was the one who testified he heard another juror state that a conflict would be resolved by the judge in such a way that the plaintiff would still recover a judgment. Another juror heard the remark that the jury answer to the issue in question would influence the decision. The remark was not discussed. The court also found that the content of the remarks made was a matter of much uncertainty from the evidence, and that the discussions essentially centered around the meaning of "proximate cause."

The court found that the answers were made after due deliberation based on the evidence, and not for the purpose of effecting a particular result, and that all the discussions and remarks of the jury were in the course of their deliberations to reconcile and compose differences in opinions as to the evidence.

From these findings the court concluded that there was no showing of probable injury to appellant.

This summation of the court's full and complete findings shows only a single item that we consider seriously presents the matter of misconduct, and that is the statement made by someone that the judge would take all the answers and "she will still get maybe eighty (or) ninety per cent."

This statement, however, is considered together with the other remark made by one of the jurors that the answer to the issue in question would influence the decision. We see no vice in the latter remark, but, on the contrary, feel that jurors know or should know that the answer to every question submitted for their determination would have a bearing on the judgment. The remark that appellant would still recover in the face of an affirmative

answer to the proximate cause issue on contributory negligence was at most an undiscussed expression of opinion. The evidence does not show that the jurors made an advance agreement or deliberately sought by their answers to effect a preconceived desired result. The evidence supports the finding that the answers were based on the jurors' convictions about the evidence.

We are in accord with the trial court's conclusion upon the issue of probable injury and believe that the precise point has been settled by the Supreme Court in an opinion which reviews and discusses the pertinent authorities. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558, 561; Lyons v. Cope, Tex.Civ.App., 217 S.W.2d 116.

██ Nor do we think there were conflicts in the jurors' answers such as to vitiate the verdict. The jury found that appellant was contributorily negligent in failing to keep a proper watch over the child and that this was a proximate cause of the death. It is urged that these findings conflict with other findings by the jury acquitting appellant of contributory negligence in failing to place herself between her child and the elevator door and also in failing to hold the child's hand. In effect, the jury found that appellant conducted herself as would an ordinary prudent person, under the same or similar circumstances, in not imposing physical restraint upon the child, either by holding his hand or standing between him and the danger. Yet the jury found that she did not conduct herself as an ordinary prudent person, under the same or similar circumstances, in failing to keep the child under observation. Had the child been kept under observation by his mother, the jury no doubt felt that the child would have responded to timely warning or cautioning. While physical restraint and impediment would have been effective means to cope with the known danger, they were not exclusive means. Observation contemplated suitable timely admonition and obedience on the part of the child. The issues are as distinct as are the meanings of obedience and physical restraint. Either may be effective, but they are not the same and the jury has found that both methods

were not required. We find no conflict in the answers. Dorsey v. Younger Bros., Tex.Civ.App., 216 S.W.2d 294.

The judgment of the trial court is affirmed.