**SMALLWOOD v. EDMISTON et al.**

No. 6197.

Court of Civil Appeals of Texas. Amarillo.
Jan. 7, 1952.

Klett, Bean, Evans & Justice, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Mahon & Green and Bradley, Key & Kimmel, all of Lubbock, R. H. Munsterman, Levelland, for appellees.

MARTIN, Justice.

Appellant, J. L. Smallwood, sued to set aside his assignment of an oil and gas lease as made to appellee, James A. Edmiston. Approximately two years of the 10-year term remained as to the lease. Appellee, Walter L. Roth, intervened in the suit alleging his ownership of the assigned leasehold interest. On making the original assignment, J. L. Smallwood received a 1/16 of 7/8 overriding royalty interest which interest was not affected by the suit. Appellant sought to set aside his assignment of the lease on the proposition that the assignment was procured by the false and fraudulent representation of appellee, James A. Edmiston, that he was financially able to develop the lease in controversy by drilling two wells thereon. Appellant's written assignment of the lease only stipulated for the drilling of one well on the leased premises on or before October 1, 1947. The well was drilled within the stipulated time and is still a producing well.

The case was submitted to a jury on five special issues and on the respective issues the jury found as follows: under

Issue No. 1 that James A. Edmiston represented to J. L. Smallwood that he was financially able to develop the lease in controversy by drilling two wells thereon, under Issue No. 2 that this statement was not false, under Issue No. 3 that Smallwood was not deceived by Edmiston's statement, under Issue No. 4 that Smallwood was not induced to assign the lease by the representation and in answer to Issue No. 5 found that Smallwood would not have assigned such lease if he had known of the falsity, if any, of said representations, if any. Only Issues 1, 2, 3 and 5 are incorporated in the trial court's judgment.

Appellant by his first three points asserts that the respective jury findings under Special Issues Nos. 2, 3 and 4 are "without any evidence to support them, at any rate against the great preponderance of the evidence." Appellant's Point 4 alleges jury misconduct. The points material to this appeal will now be discussed in their order.

The jury found that Edmiston's statement that he was financially able to develop the lease in controversy by drilling two wells thereon was not a false statement. This finding is fatal to appellant's cause if the same is not against the great preponderance of the evidence. Wilson v. Jones, Tex.Com.App., 45 S.W.2d 572, Syl. 1. Therefore, let us examine the record as to whether this jury finding is supported by any evidence and also as to whether such finding is against the great preponderance of the evidence.

Appellant details in his brief a mass of evidence showing that appellee, Edmiston, was wholly without funds, heavily indebted, a fugitive from his creditors, and his whereabouts unknown from the latter part of 1947 to date. Appellant asserts this evidence is overwhelming to show that Edmiston was in a like financial condition on the 15th day of January 1947, and that his statement to appellant that he was financially able to drill two wells on the leased premises was false and the jury finding otherwise was without evidence or against the great preponderance of the evidence.

Appellant produced no direct evidence of Edmiston's insolvency on January 15, 1947, the day he made his representation to appellant, J. L. Smallwood. 37 C.J.S., Fraud, § 17, and n. 58, p. 251. The evidence of appellant's own witness, Brown, developed that $34,394 was paid into the registry of the District Court of Hockley County, Texas, as money due the appellee Edmiston. Smallwood himself admitted that all the lawsuits and judgments were not in existence at the time he sold the lease to Edmiston on January 15, 1947 and that they arose by reason of expenses in connection with the drilling of the well. Appellant's witness Kenser testified that there is now a producing well on the lease which was completed by Edmiston in the time set by the contract, and that a rig was set on the leased premises at a second location. Kenser also testified that Edmiston, following the making of his representation that he was able to drill two wells on the Smallwood lease, actually drilled the agreed Smallwood well and also two other wells in that vicinity—one a producer and one a dry hole. Kenser further testified that the amount required to complete the three wells would be approximately $100,000. As an indication of Edmiston's payroll, his withholding tax as to operations to September 30, 1947 was $3,406.30. On September 8, 1947, a claim was made for $7,786.39 and the same was paid by Edmiston as proven by appellant's witness. Bob Hester, banker and witness for appellant, testified that the total amount of checks cashed for Edmiston ran into several thousand dollars. When Edmiston came to Hockley County in 1947 a line of credit was granted him by Republic Supply Company and this company was still delivering materials to the lease on October 8, 1947. Republic Supply Company on December 26, 1947, accepted Edmiston's promissory note for $17,500 and on December 27, 1947 accepted another note for $8,000. The jury also had before them Edmiston's liability ledger sheet from the Riverview State Bank and this account from May 29, 1947 to October 14, 1947 showed a maximum credit item of $103,366.97 was extended to Edmiston by Wil-

lard J. Bridenthal, president of Riverview State Bank of Kansas City, Kansas. The record further reveals that this indebtedness of $103,366.97 was reduced to $25,000 —and, if we accept appellant's trial amendment, the correct balance is only $5,000 as appellant plead that $20,000 more should be credited as the bank applied this amount to other items than Edmiston's $25,000 balance due.

■ An examination of the evidence in the cause, as above outlined, reveals that there was evidence to support the jury finding that Edmiston's representation on January 15, 1947, that he was able to drill two wells on the Smallwood lease was not a false statement, and it is apparent that such jury finding is likewise not against the great preponderance of the evidence. Appellant's point 1 is accordingly overruled. Foley Bros. Dry Goods Co. v. Settegast, Tex.Civ.App., 133 S.W.2d 228, Syl. 9, error ref.; Collins v. Davenport, Tex. Civ.App., 192 S.W.2d 291, Syl. 1; Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820, Syl. 2.

The above ruling, renders immaterial the jury findings on issues 3 and 4 respectively that J. L. Smallwood was not deceived by appellees' representation, and that he was not induced by said representation to assign the lease. Wilson v. Jones, supra. Appellant's points 2 and 3 are accordingly overruled.

Appellant's point 4 alleges, "After the jury had answered special issue No. 1 and before answering any of the other special issues the materially prejudicial statement was made to the jury several times that this suit was Klett's and not Smallwood's lawsuit and that it did not make any difference how the questions were answered, Smallwood would lose nothing."

Special Issue No. 1 as submitted to the jury inquires whether appellee Edmiston made the alleged statement as to his financial ability to drill two wells. The jury found Edmiston made such statement. Issue No. 2 inquires as to whether such statement by Edmiston was false. The jury finding that Edmiston's statement was not false is fatal to appellant's cause. Appellant recognized this in the drawing of point 4 shown above. Wilson v. Jones, Tex.Com.App., supra; 37 C.J.S., Fraud, § 3, p. 218. Panhandle & Santa Fe Ry. Co. v. O'Neal, Tex.Civ.App., 119 S.W.2d 1077, Syl. 3, writ ref. Further, such statement alleged to have been made in the jury room must necessarily have been made prior to the jury's answer to issue No. 2 to show reversible error. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558, Syl. 5, p. 561; Southwestern Bell Telephone Co. v. Ferris, Tex.Civ.App., 89 S.W.2d 229, Syl. 9, p. 235; Rule 327, Vernon's Texas Rules of Civil Procedure.

With reference to the issue as to jury misconduct as set out in the paragraphs above, the record of the hearing on motion for new trial reveals that of nine jurors examined some of the members stated that they had not heard the statement made in the jury room that it was Klett's lawsuit and that Smallwood would lose nothing. The testimony of most of the jurors is that such statement was not made until after the jury answered special Issue No. 2; other jurors testified that such statement was not made until Issue No. 5 was reached. The majority of the jurors directly repudiated the written affidavit signed by the jurors as to that portion of the same which alleged that the statement complained of was made after Issue No. 1 was answered but before any of the other issues were answered and also testified that the statement was made between the answer to Issue No. 4 and the answer to Issue No. 5.

■ An examination of the evidence given on motion for new trial, as briefly outlined above, established a controverted issue as to whether the alleged statement was even made in the jury room and the testimony further established by the preponderance of the evidence that such statement was not made before the jury answered Issues 2 and 3. Upon the evidence, the trial court resolved the issue in favor of the appellees and denied appellant's motion for new trial upon the grounds of jury misconduct. The trial court's ruling is correct and the same is binding upon this court. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770, Syl.

5, p. 773; Blaugrund v. Gish, 142 Tex. 379; 179 S.W.2d 266.

Aside from the elements discussed hereinabove in regard to jury misconduct, it appears that Rule 434, Vernon's Texas Rules of Civil Procedure, is applicable and that if error were conceded such error was harmless. A consideration of the record as a whole is permissible under the ruling of Texas Power & Light Co. v. Hering, Tex.Civ.App., 224 S.W.2d 191. The record consists of a three volume statement of facts principally detailing items introduced by the appellant. The record is practically devoid of any objection to the introduction of evidence. An examination of the contents of the statement of facts reveals many unusual items of which the following are examples: a letter from appellant's attorney to the Sheriff of Lubbock County with a return note from the Sheriff thereon concerning Edmiston, "This man owes a hotel bill at the Lubbock and do not believe he will be back"; copy of opinion rendered Stanolind Oil Company by its attorney; correspondence between appellant's attorney and the Stanolind and similar exhibits. The hearing on motion for new trial as to the alleged jury misconduct reveals that the statement was made in argument to the jury that the lawsuit was Klett's and not 'Smallwood's and that Smallwood would lose nothing. No objection to this argument is found in the record. The record further reveals that the appellant Smallwood's overriding interest is now held by Stanolind subject to delivery to him. The statement made in the argument without objection thereto and also made in the jury room that Smallwood would lose nothing is a correct conclusion drawn from the evidence given in the trial of the cause.

The three volume statement of facts reveals that appellant's cause was developed by practically every possible item that could be placed in the record pertaining to the case. It does not appear from the record in this cause that appellant has been denied any right or that the alleged error as to jury misconduct, if conceded, was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Vernon's Rules of Civil Procedure; Texas Power & Light Co. v. Hering, supra.

The judgment of the trial court is affirmed.